UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Navid Yadegar

Attorneys Present for Defendants:

Keith Rasher
George Benjamin
Alecia Winfield

**Proceedings:** DEFENDANT MISSION ESSENTIAL PERSONNEL, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Dkt 13, filed July 6, 2016)

DEFENDANT MISSION ESSENTIAL PERSONNEL, LLC'S MOTION TO TRANSFER (Dkt 13, filed July 6, 2016)

## I.  INTRODUCTION

On May 24, 2016, plaintiff Jamil Rashidi filed this action in the Los Angeles County Superior Court against defendants Veritiss, LLC, a Virginia corporation and Mission Essential Personnel, LLC, an Ohio limited liability company, and Does 1–25, inclusive. Dkt 1-4 ("Compl.").

On June 29, 2016, the matter was removed to federal court. Dkt. 1. On July 6, 2016, Mission Essential filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, a motion to transfer the case to the United States District Court for the Southern District of Ohio. Dkt. 13 ("Mot."). On July 18, 2016, Rashidi filed his opposition to Mission Essential's motion, dkt. 16 ("Opp'n"), and on July 25, 2016, Mission Essential filed its reply, dkt. 17 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

## II. BACKGROUND

Rashidi is a citizen of California and a resident of Los Angeles County. Compl. ¶ 4. Mission Essential is an Ohio limited liability company, with offices in Ohio and Virginia. Id. 5; Mot. at 3. Mission Essential is a government contractor serving intelligence and military clients. Compl. ¶ 5. Veritiss is a Virginia corporation with its principal place of business in Virginia. Id. ¶ 6. Veritiss is also a government contractor and acted as a subcontractor to Mission Essential to provide services to the United States government in Afghanistan. Id. ¶¶ 6–7.

In or about 2011, while watching television in California, Rashidi saw an advertisement for a job with defendant Veritiss that required knowledge of English, Farsi, and Pashtu. Dkt. 16-1 ("Rashidi Decl.") ¶ 4. Rashidi contacted Veritiss using the number provided in the advertisement and subsequently received a job application from Veritiss, delivered by mail to his home. Id. ¶ 5. Rashidi then sent his application by mail back to Veritiss and later was interviewed by Veritiss over the phone while Rashidi was at home. Id. ¶ 6–7. After his interview, Rashidi received by mail from Veritiss an offer letter and an employment contract with Veritiss. Id. ¶ 8. Rashidi executed the contract while in Los Angeles County, California. Id. Veritiss paid for and arranged Rashidi's travel to Afghanistan where he served as a translator and interpreter from approximately April 2, 2011 to August 31, 2015. Id. ¶¶ 9, 13. Rashidi received his compensation from Veritiss but Mission Essential exercised controlled over Rashidi's hours of work, wages, assignments, and working conditions in Afghanistan. Id. ¶ 15. For example, a Mission Essential employee was Rashidi's direct supervisor, Rashidi was required to comply with all of Mission Essential's policies and procedures, and Mission Essential had authority to discipline Rashidi. Id. ¶¶ 16–18, 20. During the course of his employment, Rashidi received three letters from Veritiss offering to renew his employment contract. Id. ¶¶ 10–12.

Rashidi requested medical leave from approximately July 16, 2015 to October 15, 2015 to return to California to receive treatment for medical injuries. Id. ¶ 23. Mission Essential prepared Rashidi's "out-processing checklist" and leave of absence Id. ¶ 24 & Exs. 3, 4. On July 24, 2015, while Rashidi was on leave in California, Mission Essential contacted him by email and noted that it had attempted to contact him by phone. Rashidi Decl. ¶ 28. On August 25, 2015 Veritiss also emailed Rashidi and noted that Mission Essential had been trying to contact him and that Veritiss had been trying to reach

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'    JS-6

| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

Rashidi on behalf of Mission Essential. Id. ¶ 29. At some point before September 13, 2015, Rashidi learned (though he does not specify when or by what means) that he had been terminated for failing to respond to requests regarding time card discrepancies. Compl. ¶ 28. On or about September 13, 2015, Rashidi received a letter from counsel for Veritiss that acknowledged that Rashidi was no longer employed at Veritiss and alleged—on the basis of an investigation conducted my Mission Essential—that Rashidi had not properly recorded his time worked. Rashidi Decl. ¶ 30.

Alleging these facts, Rashidi filed this action, alleging thirteen claims: (1) disability discrimination in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et. seq.; (2) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq.; (3) wrongful discharge in violation of public policy; (4) discrimination, retaliation, interference, and failure to reinstate in violation of the Family and Medical Leave Act ("FMLA"), 28 U.S.C. § 2601 et seq.; (5) wrongful termination in violation of public policy based on the FMLA; (6) failure to accommodate disability in violation of the ADA and the Rehabilitation Act; (7) failure to accommodate disability in violation of FEHA; (8) failure to prevent discrimination and harassment in violation of FEHA; (9) failure to allow inspection of personnel file in violation of California Labor Code § 226; (10) declaratory relief; (11) injunctive relief; (12) failure to pay wages due in violation of California Labor Codes §§ 201 and 202; and (13) failure to pay wages upon separation in violation of California Labor Codes §§ 201 and 202. Compl.

Mission Essential removed this case to federal court on June 29, 2016, Dkt. 1, and Veritiss consented to removal on July 1, 2016, dkt. 10. On July 6, 2016, Mission Essential moved to dismiss plaintiff's complaint for lack of personal jurisdiction, or, alternatively, to transfer venue to the United States District Court for the Southern District of Ohio. Mot. at 1.

### III. LEGAL STANDARDS

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). The plaintiff's alleged version of the facts is taken as true for purposes of the motion if not directly controverted. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant adduces evidence controverting the allegations, however, the plaintiff may not rely on his pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977)). Any "'conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" AT & T, 94 F.3d at 588–89 (quoting WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154–55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996)).

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

### A. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Whether a defendant's contacts are sufficiently substantial,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

continuous, and systematic for an exercise of general jurisdiction depends upon a defendant's "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." Mavrix Photo, Inc. v. Brand technologies, Inc., 647 F.3d 1218, 1224 (9th Cir. 2011) (quoting Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006)); see also Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) ("Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). This standard is exacting, "because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).

### B.    Specific Jurisdiction

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
> (2) The claim must arise out of or result from the defendant's forum-related activities; and
> (3) Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76,(1985). The plaintiff bears the burden of satisfying the first two prongs, and if either is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

In contracts cases, courts conduct a "purposeful availment" analysis to determine the first prong of the specific jurisdiction test. Schwarzenegger, 374 F.3d at 802. Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

business transaction," a court must evaluate four factors to determine whether purposeful availment has occurred: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, (4) the parties' actual course of dealing.  Burger King, 471 U.S. at 478–79.  A single contract for the sale of goods to a plaintiff in the forum state may be sufficient for specific jurisdiction over a defendant, but only where the contract creates a "substantial connection" with the forum state.  Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008).  "The foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction," without more.  Gray & Co. v. Firstenberg Mach. Co., Inc., 913 F.2d 758, 760 (9th Cir. 1990).

In tort cases, by contrast, courts conduct a "purposeful direction" analysis.  Schwarzenegger, 374 F.3d at 802.  Purposeful direction is analyzed under the "effects test."  Calder v. Jones, 465 U.S. 783, 787–89, (1984); Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).  Under the "effects" test, "the defendant must have allegedly: (1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting Schwarzenegger, 374 F.3d at 803).

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied.  Id. at 802 (quoting Burger King, 471 U.S. at 477).  The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.  Roth, 942 F.2d at 623.

## IV.   DISCUSSION

### A.   General Jurisdiction

Mission Essential argues that this Court lacks general personal jurisdiction because Mission Essential does not have substantial, continuous, or systematic contacts with California.  Mot. at 6. The Court agrees.  Mission Essential offers uncontroverted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

evidence that it has offices only in Ohio and Virginia, and that all of its executive and administrative functions are conducted from those offices; that Mission Essential has never owned property, held bank accounts, or owned any other significant assets in California; that Mission Essential does not maintain a telephone listing or address in California; and that Mission Essential's agent for service of process is located in Ohio. Id. at 7.

Nonetheless, Rashidi argues that the conduct of Veritiss should be imputed to Mission Essential for the purposes of the Court's personal jurisdiction analysis because the two defendants were joint-employers and served as each another's agents and representatives. Opp'n at 6–10. The Court disagrees. The conduct of Veritiss may not be imputed to Mission Essential for three reasons. First, Rashidi's agency theory relies on a now-repudiated test articulated in Bauman v. DaimlerChrysler Corp., 644 F.3d 909 (9th Cir. 2011). See Opp'n 6–7. In Bauman, the Ninth Circuit held:

> "The agency test is satisfied by a showing that the subsidiary functions as the parent corporation's representative in that it performs services that are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.

Id. at 920 (quoting Unocal, 248 F.3d at 928). However, the Supreme Court "invalidated" that agency test because it "sweeps too broadly to comport with the requirements of due process." Ranza v. Nike, Inc., 793 F.3d 1059, 1071 (9th Cir. 2015) (citing Daimler AG v. Bauman, 134 S. Ct. 746, 759 (2014)). The Ninth Circuit has since held that "[t]he agency test is therefore no longer available to [a plaintiff] to establish jurisdiction over [a defendant]." Id. Second, even if the agency test did apply, Rashidi does not provide any evidence to demonstrate that Mission Essential exercised control over Veritiss or vice versa. See Bauman, 644 F.3d at 920 (the agency test "requires the plaintiffs to show an element of control"); id. at 923 ("[T]o form an agency relationship, both the principal and the agent must manifest assent to the principal's *right to control* the agent.") (quoting United States v. Bonds, 608 F.3d 495, 506 (9th Cir. 2010)). Third, a joint-employer relationship may establish liability, see, e.g., Moreau v. Air France, 356 F.3d 942, 944 (9th Cir. 2004), but joint employment does *not* determine personal jurisdiction. See Campanelli v. Image First Unif. Rental Serv., Inc., No. 15-CV-04456-PJH, 2016 WL 4729173, at *7 (N.D. Cal. Sept. 12, 2016) ("[B]asing personal jurisdiction on joint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

employer status . . . appears to be the minority view. . . . Even if [defendant] were liable under a 'joint employer' theory, this does not establish that a separate, non-resident corporate entity without minimum contacts can be hailed into a California court."); In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig., 735 F. Supp. 2d 277, 328 (W.D. Pa. 2010), aff'd, 683 F.3d 462 (3d Cir. 2012) ("The court is persuaded by the latter group of decisions in which the courts recognized that the joint employer theory and similar concepts are relevant for determining liability, but are not for determining whether a court may exercise personal jurisdictional over a party."); id. 326–28 (collecting cases); Vogt v. Greenmarine Holding, LLC, No. CIV.A.1:01-CV-0311-JOF, 2002 WL 534542, at *3 (N.D. Ga. Feb. 20, 2002) ("Plaintiffs argue that the proper test for personal jurisdiction is whether OMC and Defendants constitute a 'single employer' so as to be liable under [a statute]. The court finds, however, that it is improper to conflate an issue of subject matter jurisdiction with personal jurisdiction. Liability and jurisdiction are two separate inquiries."); cf. A. T. & T., 94 F.3d at 591 ("Even if the requirement of personal jurisdiction allows a parent corporation to avoid liability, and thus undercuts [a statute's] purpose . . . , liability is not to be conflated with amenability to suit in a particular forum."). "The existence of a relationship between [Veritiss] and [Mission Essential] is not sufficient to establish personal jurisdiction over [Mission Essential] on the basis of [Veritiss's] minimum contacts with the forum." Unocal Corp., 248 F.3d at 925. "Each defendant's contacts with the forum State must be assessed individually." Calder, 465 U.S. at 790.

### B. Specific Jurisdiction

When assessing whether it may exercise specific jurisdiction, the Court looks first to whether Mission Essential has purposely availed itself of the privilege of conducting activities in this district or purposefully directed its activities into this district.[1] "The

---

[1] At oral argument, counsel for Rashidi noted that even if an agency relationship is insufficient to establish general personal jurisdiction, the Supreme Court has stated that "[a]gency relationships . . . *may* be relevant to the existence of *specific* jurisdiction." Bauman, 134 S. Ct. at 759 n.13 (first emphasis added). However, as described above, control by the principal over the agent is an essential element of the agency relationship and plaintiff has failed to provide evidence showing that Mission Essential exercised control over Veritiss. Therefore, the Court considers only the conduct of Mission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

Ninth Circuit has noted that purposeful availment and purposeful direction are two distinct concepts." Lang v. Morris, 823 F. Supp. 2d 966, 970 (N.D. Cal. 2011). Specifically, the "purposeful availment analysis is most often used in suits sounding in contract," where as the "purposeful direction analysis . . . is most often used in suits sounding in tort." Schwarzenegger, 374 F.3d at 802.

Rashidi's claims are neither tort nor contract claims. Cf. Senne v. Kansas City Royals Baseball Corp., 105 F. Supp. 3d 981, 1022 (N.D. Cal. 2015), ("Wage and hour claims asserted under the FLSA and state law are neither tort nor contract claims."). Mission Essential applies the purposeful availment test, see Mot. at 8, while Rashidi uses the purposeful direction analysis. The Court therefore addresses the first prong of the specific jurisdiction test under both the contractual purposeful availment approach and the purposeful direction approach for suits sounding in tort.

The Court considers four factors under the purposeful availment test: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478–79. Rashidi does not present evidence that Mission Essential was in any way involved in the negotiations of his employment contract, that Mission Essential contemplated the consequences of entering into an employment relationship with Rashidi, that Mission Essential determined the terms of the employment contract, or that Mission Essential communicated with Rashidi about the contract. Mission Essential communicated with Rashidi while he was in California via one email and attempted, but failed, to communicate with him by phone. See Rashidi Decl. ¶ 28. A single successful communication does not provide a sufficient basis for jurisdiction. See Ins. Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1271 (9th Cir. 1981) ("The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise."). Rashidi has not alleged any other instance in which Mission Essential itself engaged in any conduct related to California.

To satisfy the purposeful direction "effects" test, "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Yahoo!, 433 F.3d at 1206 (9th Cir. 2006). While Mission Essential's email to Rashidi was intentional

---

Essential for the purposes of its specific jurisdiction analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-04761-CAS(JPRx) | Date | September 19, 2016 |
|---|---|---|---|
| Title | JAMIL RASHIDI v. VERITISS, LLC; MISSION ESSENTIAL PERSONNEL, LLC | | |

and expressly aimed at Rashidi in California, Rashidi does not allege that the communication caused him harm. Mission Essential's email alerted Rashidi, who was on medical leave, to Mission Essential's leave administration process. See Rashidi Decl., Ex. 8. The email did not effectuate or address the termination of Rashidi's employment, which constitutes the basis for each of Rashidi's claims. Therefore, Mission Essential's conduct does not satisfy the "effects" test.

The Court next considers whether Rashidi's claim arises out of or results from the Mission Essential's forum-related activities. "To determine whether a claim arises out of forum-related activities, courts apply a 'but for' test. Unocal, 248 F.3d at 924. As noted above, Mission Essential's email to Rashidi in California did not address Rashidi's termination, the basis for Rashidi's claims. Furthermore, Rashidi has not presented any evidence suggesting that he would not have suffered his alleged injuries "but for" Mission Essential's email. As a result, the Court finds that Rashidi has not alleged facts sufficient to show that his claims arise out of or result from Mission Essential's California-related activities.

Where, as here, a plaintiff fails to establish purposeful availment or a but-for relationship between the defendant's forum-related activities and the plaintiff's claims, "[the] plaintiff[] therefore fail[s] to establish specific jurisdiction, and the Court need not reach the third prong of the specific jurisdiction test." Unocal, 248 F.3d at 924.

The Court therefore concludes that it may not exercise specific jurisdiction over Mission Essential.

## V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Mission Essential's motion to dismiss Rashidi's complaint as to Mission Essential. Because the Court concludes that it lacks personal jurisdiction over Mission Essential, Mission Essential's motion to transfer is moot.

IT IS SO ORDERED.

| | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |